UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,

v.

Marcellous A. Bolton,

Defendant.

Case No. 2:21-cr-86

Judge Michael H. Watson

## OPINION AND ORDER

Marcellous A. Bolton ("Defendant") moves to dismiss the Indictment in this case, which charges him with being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(a). Indictment, ECF No. 2. The Indictment further charges that the firearm was "shipped and transported in interstate or foreign commerce." *Id.* Defendant argues the Government has failed to include in the Indictment the requisite interstate commerce connection for a violation of the statute. Defendant's motion to dismiss includes both a statutory and constitutional argument.

18 U.S.C. § 922(g)(1) states:

> It shall be unlawful for any person . . . who has been convicted in any court, of a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Regarding the statutory argument, Defendant contends:

> The statute outlines three separate crimes: the shipment/transportation of a firearm, the possession of a firearm, and the receipt of a firearm. Further, each crime has its own interstate commerce element: shipping or transporting a firearm must be "in interstate or foreign commerce;" possession of a firearm must be "in or affecting interstate commerce;" and for receipt, the firearm must have been "shipped or transported in interstate or foreign commerce." . . . Because 18 U.S.C. § 922(g)(1) divides itself into different offenses, the government is not permitted to mix and match which interstate commerce element they could use within the statute. And yet that is precisely what the indictment does. The indictment does not contain the interstate commerce element required for possession, but rather receipt.

Mot. Dismiss 2–3, ECF No. 21. In other words, Defendant's statutory argument is that, under *Mathis v. United States*, 579 U.S. 500 (2016), section 922(g) contains three separate offenses, and the plain statutory language for the possession offense requires that Defendant possess the firearm "in or affecting commerce." Because the statute uses the phrases "in or affecting commerce" and "shipped or transported in interstate or foreign commerce," he argues, the phrases must have different meanings. Defendant therefore contends mere possession of a firearm that was once transported in interstate commerce does not satisfy the statutory "in or affecting commerce" requirement.

Defendant states that neither the United States Supreme Court nor the Sixth Circuit have considered this argument after the issuance of *Mathis*, the case that Defendant maintains demonstrates § 922(g) contains three separate offenses with a unique interstate commerce requirement. As such, Defendant asserts that pre-*Mathis* Sixth Circuit opinions—holding that the interstate commerce element for "possession" under § 922(g) can be proven by showing

the possessed firearm traveled in interstate commerce—would no longer survive a *Mathis* elements analysis.

But other judges within the Southern District of Ohio have considered, and rejected, Defendant's precise argument. *E.g.*, *United States v. Cotton*, No. 1:21-cr-2, 2021 WL 2637313, at *3 (S.D. Ohio June 25, 2021) ("[P]recedent of the Supreme Court and the Sixth Circuit forecloses Mr. Cotton's statutory argument."); *United States v. Carter*, No. 1:20-cr-62, 2021 WL 2592561, at *10 (S.D. Ohio June 24, 2021) ("In short, binding precedent compels the Court to reject both Carter's statutory and constitutional arguments."); *United States v. Holmes*, No. 1:21-cr-58-2, 2021 WL 1709778, at *4 (S.D. Ohio April 29, 2021) ("[T]his Court repeatedly has rejected both the statutory construction and constitutional challenges to § 922(g)(1) that Holmes now raises." (collecting cases)); *United States v. Stevens*, No. 1:20-cr-112, 2021 WL 1553859, at *1 (S.D. Ohio Apr. 20, 2021) ("The Court holds that it is sufficient for the United States to establish possession 'in or affecting commerce' by showing that the possessed firearm has, at some point, traveled in interstate commerce." (citations omitted)); *United States v. Warren*, No. 1:18-cr-84, 2021 WL 617384, at *2 (S.D. Ohio Feb. 17, 2021) ("[A]s Mr. Warren acknowledges, this precise argument was recently decided on the merits by this Court . . . ."); *United States v. Rashid*, 483 F. Supp. 3d 529, 532 (S.D. Ohio 2020) ("[T]he Court finds that an indictment for possession under § 922(g)(1) is sufficient even when the only connection to commerce is that the firearm was manufactured in another state.");

*United States v. Chivers*, No. 1:19-cr-119, 2020 WL 4582708, at *1 (S.D. Ohio Aug. 10, 2020) ("The principal problem with Chivers' statutory argument is that Sixth Circuit precedent forecloses it . . . ."); *United States v. Wendel*, No. 1:19-cr-132, 2020 WL 8332098, at *1 (S.D. Ohio Feb. 20, 2020) ("[C]ontrary to the foundation of Wendel's argument, by applying *Scarborough's* [*v. United States*, 431 U.S. 563 97 S. Ct. 1963 (1977)], interpretation of § 1202(a) to the same element in § 922(g), the Sixth Circuit resolved the statutory question Wendel seeks to pose, and this Court is bound to follow that precedent." (citation omitted)).

The Court agrees with the analyses in those cases and further notes that those courts' conclusions conform to how the Sixth Circuit appears to still understand its precedent in the wake of *Mathis*, even if the Circuit has not explicitly addressed the *Mathis* "separate crimes" argument. *See United States v. Howard*, 803 F. App'x 921 (6th Cir. 2020) ("18 U.S.C. § 922(g) makes it unlawful for certain classes of people, including convicted felons, to possess a firearm that has been shipped or transported in interstate or foreign commerce."); *United States v. Farrad*, 895 F.3d 859, 868 n.3 (6th Cir. 2018) ("Real Pringfield XD .45 caliber handguns are 'manufactured in . . . Croatia,' . . . thus putatively satisfying the interstate-commerce element of 18 U.S.C. § 922(g)(1)."); *United States v. Patterson*, 853 F.3d 298, 301 (6th Cir. 2017) ("Ohio could prosecute Patterson under its general police power, and the United States could prosecute him because the gun had traveled in interstate commerce." (citation omitted)).

The Court adopts the reasoning of the other judges in this District that have rejected the statutory construction argument Defendant makes here.

Defendant next makes a constitutional argument. Defendant contends that—to the extent the statute does cover the purely intrastate possession of firearms—Congress exceeds its powers under the Commerce Clause. Mot. Dismiss 15, ECF No. 21.

Defendant acknowledges this argument lacks merit in the Sixth Circuit, *see e.g.*, *United States v. Goolsby*, No. 21-3087, 2022 WL 670137, at **1–2 (6th Cir. Mar. 7, 2022), and he raises it solely to preserve for appeal. *Id.* ("Mr. Bolton acknowledges that this constitutional issue has been addressed by the Sixth Circuit repeatedly. However, Mr. Bolton makes this constitutional argument to preserve the record for further review."). Indeed, the Court is bound by Sixth Circuit precedent on this issue, including *United States v. Chesney*, 86 F.3d 564, 571 (6th Cir. 1996) ("All of the courts of appeals to consider the issue since *Lopez* have concluded that § 922(g)(1), as construed to require only the minimum nexus to commerce approved in *Scarborough*, is constitutional."). So, Defendant's constitutional arguments are unavailing.

For the above reasons, Defendant's motion is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**